# NO. 12-10-00112-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LEE ROSS POTTER,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Lee Ross Potter appeals his conviction for robbery. Appellant′s counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant also filed a brief pro se. We dismiss Appellant's appeal.

### BACKGROUND

Appellant was charged by indictment with the offense of robbery, a second degree felony.[1] The indictment also included a felony enhancement paragraph.[2] On March 22, 2010, Appellant entered an "open" plea of guilty to the offense charged in the indictment, and also pleaded "true" to the felony enhancement. Appellant and his counsel signed an agreed punishment recommendation, an acknowledgment of admonishments, a waiver of jury trial, an agreement to stipulate testimony, and a stipulation of evidence in which Appellant swore that all allegations pleaded in the indictment were true and correct and judicially confessed to the offense alleged in the indictment. However, Appellant did not waive his right to appeal.

---

[1] *See* TEX. PENAL CODE ANN. § 29.02(a)(2), (b) (Vernon 2003).

[2] Initially, the indictment included two enhancement paragraphs. However, the second enhancement paragraph was abandoned by the State at Appellant's plea hearing. If it is shown on the trial of a second degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a first degree felony. *See* TEX. PENAL CODE ANN. § 12.42(b) (Vernon Supp. 2010).

After a punishment hearing, the trial court adjudged Appellant guilty of robbery, found the enhancement paragraph to be "true," and assessed his punishment at twenty-five years of imprisonment, court costs, and restitution.[3]   This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated.   From our review of Appellant's brief, it is apparent that his counsel is well acquainted with the facts in this case.   In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.

Appellant's pro se brief raises eight[4] issues. He argues that his trial counsel rendered ineffective assistance as follows:

1.  coercing and threatening Appellant to sign an "open" plea of guilty by promising him that he would receive probation;

2.  failing to have Appellant evaluated by a qualified psychiatrist to determine whether he was competent to enter a guilty plea because he was taking psychoactive medications; and

3.  failing to accept the trial court's offer of a continuance in order to address an alleged error in the presentence investigation.

Further, he argues that

1.  his guilty plea was involuntary and coerced because his trial counsel threatened him and erroneously promised him that he would receive probation;

2.  a conflict of interest existed because the trial judge, trial counsel, and the prosecutor were customers at the bank Appellant allegedly robbed;

3.  the presentence investigation was erroneous because it included a previous conviction that was overturned on appeal at the time of his punishment hearing; and

4.  he was erroneously indicted for the offense of robbery because the evidence supported the lesser offense of theft.

We have reviewed the record for reversible error and have found none.

_____

[3] An individual adjudged guilty of a first degree felony shall be punished by imprisonment for life or for any term of not more than ninety-nine years or less than five years and, in addition, a fine not to exceed $10,000.   *See* TEX. PENAL CODE ANN. § 12.32 (Vernon Supp. 2010).

[4] Although Appellant raised eight issues in his pro se brief, two of the issues were duplicative.

2

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous and his motion for leave to withdraw is hereby ***granted***. *See **In re Schulman***, 252 S.W.3d at 408-09.

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See **In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3; ***In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

We ***dismiss*** Appellant's appeal.

Opinion delivered January 5, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

3

(DO NOT PUBLISH)